UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY A. ROWE, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>LaPORTE COUNTY JAIL, )<br>)<br>Respondent ) | CAUSE NO. 3:07-CV-525 RM |

OPINION AND ORDER

Jeffrey A. Rowe, a *pro se* prisoner, filed an amended habeas corpus petition (Docket No. 5) challenging the determination of the Conduct Adjustment Board (CAB) on October 10, 2007 that he was guilty of #9 fighting. He was sanctioned with a demotion in credit class. The respondent has filed a return and Mr. Rowe filed a traverse. Mr. Rowe raises five grounds, lettered A through E, in his amended petition. Though the parties address them in various sequences, this opinion conforms to the original presentation.

First, Mr. Rowe alleges that he was denied the opportunity to call witnesses in his defense. Mr. Rowe says he requested three inmate witnesses (Keith Burks, Roosevelt Lemons, and Mark Comford) and one officer (Deputy Oszust). Traverse, Docket No. 14-2 at 2. He states that inmate Roosevelt Lemons was not called as a witness. Mr. Rowe explains that he wanted these witnesses to support his description of events. "The Petitioner's whole defense centered around the claims that he was assaulted and that he never punched or struck Inmate James Jones

in any manner. That all he did was block his face and curl up in a ball on the floor." Traverse, Docket No. 14-2 at 10-11.

Though <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), requires that an inmate be permitted to submit relevant, exculpatory evidence, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." <u>Pannell v. McBride</u>, 306 F.3d 499, 503 (7th Cir. 2002). Mr. Rowe argues that the testimony of Roosevelt Lemons was relevant, but he doesn't explain how it would not have duplicated the testimony of Keith Burks (Doc. Nos. 13 at 15 and 14-3 at 1) and Mark Comford (Doc. Nos. 13 at 16 and 14-3 at 2) whose statements support his theory of the case. To the extent Roosevelt Lemons' testimony would have been inconsistent with the other two inmate witnesses, it would not have been exculpatory. To the extent that it was consistent with them, it would have been redundant. Either way, Mr. Rowe was not denied due process by the exclusion of the testimony of Roosevelt Lemons. He was afforded two witnesses whose testimony supported his, it was unnecessary to have a third recount the same events.

Mr. Rowe argues that he was denied the opportunity to have his prepared questions submitted to Keith Burks and Deputy Oszust. He believes that he has the right to directly question witnesses, but he has no such right.

> Further, to the extent that Piggie envisioned calling Nowatzke as an adverse witness in order to question the basis for his conduct report, we note that he had no right to confront or cross-examine adverse witnesses in his disciplinary proceeding.

2

Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Though Mr. Rowe attempts to distinguish witness Keith Burks from Deputy Oszust by noting that he was not an adverse witness, this is a distinction without a difference. The potential disruptions within the hearing and the correctional facility, caused by permitting inmates to directly question witnesses, are the same regardless of whether the witness is supportive or adversarial.

> Confrontation and cross-examination present greater hazards to institutional interests. If confrontation and cross-examination of those furnishing evidence against the inmate were to be allowed as a matter of course, as in criminal trials, there would be considerable potential for havoc inside the prison walls. Proceedings would inevitably be longer and tend to unmanageability.

Wolff v. McDonnell, 418 U.S. 539, 567 (1974) (footnote omitted).

> We think that the Constitution should not be read to impose the procedure at the present time and that adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination.

Id. at 568. Thus, Wolff does not confer the right to confront or cross-examine witnesses of any type.

> Baxter v. Palmigiano, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by Wolff, which, Baxter held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in Wolff.

White v. Ind. Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001). Mr. Rowe was not denied due process when his prepared questions were not submitted to the witnesses.

Second, Mr. Rowe argues that prison policy required that a decision be made within seventy-two hours after the hearing. In many other places throughout his petition and traverse, he presents similar arguments about how the CAB violated other institutional policies. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted). Mr. Rowe argues that these policies are not state law, but that is not relevant. What is relevant is that they are not "the Constitution, laws, or treaties of the United States." Id.

Mr. Rowe argues that these prison policies created a liberty interest, but this argument misunderstands the meaning of a liberty interest.

> [W]e believe that the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause. The time has come to return to the due process principles we believe were correctly established and applied in Wolff and Meachum. Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 483-484 (1995) (citations and footnote omitted). The procedural rules that Mr. Rowe alleges were violated are the very type of regulations that Sandin repudiated as a basis for finding a liberty interest. Because the violation of a jail or prison procedural rule is not the violation of the

4

Constitution, laws, or treaties of the United States, even if these procedural rules were violated, doing so is not a basis for habeas corpus relief.

Third, Mr. Rowe argues that he was denied the right to an impartial decision maker. He alleges that one of the CAB members said he did not get to vote and that the board decided that he was guilty before the hearing began. He attaches two statements from other inmates to corroborate these assertions. As the petitioner, Mr. Rowe has "the heavy burden of showing actual bias" Bracy v. Schomig, 286 F.3d 406, 411 (7th Cir. 2002).

> [W]hen a prisoner who seeks a writ of habeas corpus *provides competent evidence* (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies.

Johnson v. Finnan, 467 F.3d 693, 694 (7th Cir. 2006) (emphasis added). Mr. Rowe has not provided any competent evidence. All the court has before it is an allegation with unsworn statements. They are not affidavits nor declarations submitted under penalty of perjury. As such, Mr. Rowe has not met his burden and habeas corpus relief may not be granted on this ground.

Fourth, Mr. Rowe alleges that the CAB chairman was not impartial because he searched his cell and strip searched him several days after the fight. Mr. Rowe alleges that the motivation for these searches was a statement made by the inmate with whom he fought. He says that inmate alleged that the fight was motivated at least in part because Mr. Rowe was trafficking.

5

> To guard against arbitrary decision making, the impartiality requirement mandates disqualification of a decision maker who is directly or substantially involved in the incident underlying a prison disciplinary hearing, but it does not require disqualification of a decision maker who is only "tangentially involved."

Gaither v. Anderson, 236 F.3d 817, 820 (7th Cir. 2000). Had the CAB chairman been hearing the trafficking charge, the searches would have made him substantially involved in the incident. But he was not hearing a trafficking case, he was hearing a fighting case. Mr. Rowe does not allege that he was either directly nor substantially involved in the fight or its investigation. Regardless of the motivation for the fight, the question in this case was whether Mr. Rowe was fighting. At best, a subsequent investigation into trafficking (as the purported motivation for the fight) was tangential to the fighting incident. Therefore the facts alleged by Mr. Rowe do not demonstrate a violation of the requirement of impartiality.

Fifth, Mr. Rowe argues that a preponderance of the evidence does not support finding him guilty of fighting. Here, Deputy Larry Oszust, a guard, reported that via camera he saw Mr. Rowe fighting and that he saw him throw the first punch. Though "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board" Superintendent v. Hill, 472 U.S. 445, 455-56 (1985), this evidence is more that sufficient even under the preponderance of the evidence test that Mr. Rowe asserts is necessary. Mr. Rowe argues that this court should re-weigh the evidence and

determine that Deputy Oszust's report cannot be an accurate description of events because his line of sight was obscured.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985). Based on this record, there is some evidence to support finding him guilty of fighting. *Compare* Superintendent v. Hill, 472 U.S. 445, 456-457 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

For the foregoing reasons, the habeas corpus petition is DENIED.

SO ORDERED.

ENTERED:      March 27, 2008

                                            /s/ Robert L. Miller, Jr.
                                      Chief Judge
                                      United State District Court